## In re JOHNSON.

S. C. B. D. No. 183. May 29, 1934.

E. R. Jones and John Ladner, for State Bar.

J. T. Johnson, for respondent.

McNEILL, J. This matter involves the disbarment of J. T. Johnson, a member of the bar of the state of Oklahoma. Respondent was employed on September 21, 1931, to foreclose a real estate mortgage, given to secure a note in the sum of $150 for an agreed fee of $10, and costs in the sum of $10. He received a check covering these items, and complaint was lodged before the State Bar charging that respondent had appropriated the proceeds of said check to his own use and had failed to institute foreclosure proceedings.

It appears that on November 10, 1931, respondent advised his client that the suit had been filed. On March 10, 1932, inquiry was made by the complainant, who resided in California, in reference to the filing of this suit, and the court clerk of Nowata county advised that no suit had been brought in reference to said foreclosure matter, and thereafter, on April 19, 1932, the instant charge was filed.

On June 2, 1932, respondent filed the foreclosure action and paid $10 as costs. Summons was issued, but no service on the defendants was obtained. Subsequently, on September 5, 1933, affidavit to obtain service by publication was filed and publication was issued. Respondent paid $7.50 for the publication, and obligated himself to pay the balance of $5.75.

It appears that respondent is about 68 years of age, and that the mortgagee, complainant herein, probably had no thought of foreclosing his mortgage until he had domestic troubles with his wife, who was the daughter of the mortgagor. It appears that the indebtedness and foreclosure was complicated with family squabbles and that respondent had been employed through a forwarding attorney from the state of California who should have known something about the reasonableness of an attorney's fee in foreclosure matters.

Respondent attempted to excuse the delay in instituting the action by trying to get matters adjusted. The Board of Governors found respondent did have an excuse not to bring suit promptly. However, his conduct in advising that the suit had been filed is not commendable. Much might be said, but suffice it to say that the local administrative committee made no recommendation. The Board of Governors, in commenting on this failure of recommendation, in its opinion, said:

"It is presumed from that that they are content that he should remain among them as a member of the bar."

The Board of Governors also said:

"Respondent is getting old. He probably can do no more harm. Probably he never has done much. Men of his type are rarely intrusted with any large sums. It is not likely that any failure to account has amounted to much in any case, and of course there is no proof that he has ever failed in any other case. It is a mere surmise that he is about the same he always was and that he has in other cases failed to do his duty.

"But while we want to extend him all the leniency possible, his misconduct cannot be altogether condoned. If he were a younger man, he would be disbarred. But taking everything into consideration, it is recommended by the Board of Governors of the State Bar of Oklahoma that the respondent, J. T. Johnson, be suspended from practice of law for a period of 90 days."

No rights of intervening parties or any financial loss has resulted in the delay in bringing the action.

The recommendation of the Board of Governors is approved, and respondent is suspended from the practice of law in this state for a period of 90 days, and it is so ordered.

RILEY, C. J., and SWINDALL, BAYLESS, and WELCH, JJ., concur.